## JAMES CASHMAN *vs.* JONATHAN CHASE.

Suffolk.    March 11, 1892. — May 9, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Personal Services — Employer's Liability Act — Superintendence.*

The negligence for which the St. of 1887, c. 270, § 1, cl. 2, makes the employer liable, is that of a person "intrusted with and exercising superintendence." The employer is not answerable for the negligence of a person intrusted with superintendence, who at the time of, and in doing the act complained of, is not exercising superintendence, but is engaged in mere manual labor, or the duties of a common workman.

Unless the act itself is one of direction or of oversight, tending to control others and to vary their situation or action because of his direction, it cannot fairly be said to be one in the doing of which the person intrusted with superintendence is in the exercise thereof, within the meaning of the St. of 1887, c. 270, § 1, cl. 2.

BARKER, J.    The plaintiff, while at work in the hold of a vessel, was struck by a hook swinging at the end of a fall, and which escaped from the control of a fellow workman.    The fall was raised and lowered by a steam-engine placed on a lighter between the vessel and the wharf.    The orders to raise and lower were given by a workman in the hold to a stageman on the deck of the vessel, and by him repeated to the engineer. The hook was in the hands of a workman in the hold, and it was necessary to lower the fall to enable him to attach the hook to a bundle of laths.    The order to lower was correctly

given to the stageman, and repeated by him to the engineer, who raised the fall when he was told to lower, and the hook was thus pulled away from the workman who held it, and swung against the plaintiff. The plaintiff can recover only by showing that the act of the engineer was one for which the defendant was responsible under the provisions of the employers' liability act. If it was merely the act of a fellow workman, the action cannot be maintained. The plaintiff contends that the engineer was a person intrusted with and exercising superintendence, whose sole or principal duty was that of superintendence, and that the act of raising the fall was an act of superintendence. The engineer had charge of the engine, and was running it continuously during the progress of the work, and by operating the engine raised and lowered the fall. His station was upon the lighter at the engine. The hold of the vessel was out of his sight. There were four men in the hold whose work was to collect the bundles of laths into heaps, around which they put a rope. When the fall was lowered the hook was attached to the rope, and a signal given to the stageman, who signalled to the engineer to raise or lower as the work in the hold required. The engineer employed the men in the first instance, and set them at work. He went into the hold on several occasions, for a few moments at a time, and showed them how to adjust the rope around the bundles of laths. He discharged and employed men. The unloading of the vessel took two or three days, and the men were paid by the defendant in person, who was there several times for a little while on each occasion. The engineer did no manual labor, except the running of the engine.

Upon the facts, it might be competent to find that the engineer was to some extent a superintendent. The employment and discharge of workmen, setting them at work, and showing them how to do work, are acts consistent with superintendency. But these acts, in connection with the evidence that his station was on the lighter, and his work there the continuous labor of running the engine in accordance with orders transmitted to him from others, show that neither his sole nor principal duty was that of superintendence.

Aside from this, the act of improperly raising the fall when ordered to lower it, was not an act of superintendence. It is

evident that, in operating the engine, he was doing the work of a laborer, acting upon the directions of others, and not directing them. The negligence for which the statute makes the employer liable is that of a person " intrusted with and exercising superintendence." The employer is not answerable for the negligence of a person intrusted with superintendence, who at the time, and in doing the act complained of, is not exercising superintendence, but is engaged in mere manual labor, the duty of a common workman. The law recognizes that an employee may have two duties: that he may be a superintendent for some purposes, and also an ordinary workman, and that if negligent in the latter capacity the employer is not answerable. *Shaffers* v. *General Steam Navigation Co.* 10 Q. B. D. 356. *Osborne* v. *Jackson*, 11 Q. B. D. 619. *Kellard* v. *Rooke*, 19 Q. B. D. 585, and 21 Q. B. D. 367.

Unless the act itself is one of direction or of oversight, tending to control others and to vary their situation or action because of his direction, it cannot fairly be said to be one in the doing of which the person intrusted with superintendence is in the exercise of superintendence. For the negligence of such a person in doing the mere work of an ordinary workman, in which there is no exercise of superintendence, the employer is not made responsible by the statute.                *Judgment on the verdict.*

*L. M. Child*, for the plaintiff.

*J. Lowell, Jr. & S. H. Smith*, for the defendant.