PAUL BURNS *vs.* SIDNEY L. WASHBURN.

MICHAEL MURPHY *vs.* SAME.

JOHN BUTTOMORE *vs.* SAME.

Plymouth.   October 17, 1893. — January 31, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Personal Injuries — Employers' Liability Act — Defective Appliance — Negligence — Action.*

A temporary staging, put up by masons in the employ of a contractor for the purpose of erecting a building on the land of a third person, is not a part of the employer's "ways" or "works," within St. 1887, c. 270, § 1, cl. 1.

The facts that the superintendent employed by a contractor, who is engaged in erecting a building, gives no instructions to the masons whom he has directed to build a certain piece of wall as to putting up a staging, and is not present when the staging is built, are not of themselves evidence of negligence on his part which will sustain an action against the contractor, under St. 1887, c. 270, § 1, cl. 2, by a person injured while employed as a mason's tender by the falling of the staging, which is negligently built by the masons, a part of whose ordinary duties it is to build their stagings without special orders.

LATHROP, J.   The plaintiffs were what are known as masons' tenders, and were at work on a staging put up for the purpose of erecting a building on land belonging to the city of Brockton. The defendant was their employer, and was the contractor for doing the work.   The staging fell, and the plaintiffs were injured.   These actions are brought under the St. of 1887, c. 270.

The first count in each case, we assume, was intended to be framed under § 1, cl. 1, and the question is whether a staging of the kind mentioned in the exceptions can be said to be a part of the defendant's ways or works.   We are of opinion that these words in the statute refer to ways or works of a permanent character, such as are connected with or used in the business of an employer; and that they do not apply to a temporary structure, like the staging in question, erected on the land of a third person.   See *Lynch* v. *Allyn, ante,* 248, and cases cited.

The remaining question is whether there was any evidence that the accident happened " by reason of the negligence of any person in the service of the employer, intrusted with and exercising superintendence, whose sole or principal duty is that of

superintendence," the second count being framed on § 1, cl. 2, of the statute above mentioned.

The immediate cause of the fall of the staging was the negligence of one of the masons in driving but one nail in the end of a board when there should have been several nails driven. There was no evidence that any one of the masons was in charge of the work more than another. The only possible ground upon which it can fairly be contended that the defendant can be held liable is, that there was negligence on the part of Woodward, who was the general superintendent of the work, and there was evidence that he directed the masons to build a certain piece of wall, leaving them to construct their stagings, without giving them instructions about them. The plaintiffs testified that Woodward was not present, and took no charge of the construction of the staging, that it was part of the masons' ordinary duty to erect their stagings, and to carry them up from time to time as the wall progressed, without waiting for specific orders from either the defendant or his superintendent. There was no contention that the superintendent was incompetent, or that any one of the masons was an incompetent workman.

On the evidence, we are of opinion that the ruling in favor of the defendant was correct. The mere fact that the superintendent gave no instructions as to the staging cannot be said to be evidence of negligence on his part. No instructions were needed. The masons were accustomed to build their own stagings, and probably knew as much about the proper way of constructing them as the superintendent. Nor is the fact that the superintendent was not present while the staging was building of itself evidence of negligence on his part. A general superintendent of a building cannot be expected to be present as every detail of the work is done. *Fitzgerald* v. *Boston & Albany Railroad,* 156 Mass. 293.        *Exceptions overruled.*

*H. H. Chase & F. M. Bixby,* for the plaintiffs.

*R. O. Harris,* for the defendant.