John T. O'Brien vs. Malcolm E. Rideout.

Middlesex.   January 10, 1894. — March 28, 1894.

Present: Field, C. J., Allen, Morton, & Barker, JJ.

*Personal Injuries — Master and Servant — Negligence — Employers' Liability Act.*

In an action for personal injuries occasioned to the plaintiff, while in the defendant's employ, by having his fingers cut off by a circular saw upon which he was put to work by the defendant's foreman, it appeared that the plaintiff was hired by the defendant as a common laborer ; that the defendant was not present when the plaintiff was put to work on the saw ; that on the morning of that day the plaintiff had asked the foreman for permission to saw up some lumber on another saw, and had been refused ; and that before that day the plaintiff had worked upon a circular saw six or seven times, three of which were upon the saw which injured him. *Held*, that if, under these circumstances, it was negligent for the foreman to send the plaintiff to work upon the saw, the negligence was that of a fellow workman ; and that the action could not be maintained.

In an action for personal injuries occasioned to the plaintiff, while in the defendant's employ, by having his fingers cut off by a circular saw upon which he was put to work by the defendant's foreman, the plaintiff testified that the foreman "kept himself at work pretty much all the time in getting out lumber, or piling it up, or arranging it, and in operating saws." Another workman testified that the foreman was the person who gave him his orders, but he did not know whether he gave orders to anybody else ; "that he had also seen him grinding tools, piling lumber, and keeping busy generally "; and that the foreman "kept pretty busy at work and spent most of his time at work." *Held*, that the evidence did not justify a finding that the foreman was a person whose sole or principal duty was that of superintendence, within St. 1887, c. 270, § 1, cl. 2.

Tort, for personal injuries occasioned to the plaintiff while in the defendant's employ.   The declaration contained two counts, the first, which was at common law, alleging that " said injury was due to the negligence of the defendant, by his foreman and agent, in setting the plaintiff to work on a machine which required an amount of skill which he knew the plaintiff did not possess, and by not notifying the plaintiff of the dangers and perils incident to the use of said machine " ; and the second, which was under the employer's liability act, St. 1887, c. 270, § 1, cl. 2, alleging that the plaintiff " was, while in the exercise of due care, injured by a circular saw, upon which he was set to work by the negligence of some person in the service of the defendant intrusted with and exercising superintendence, whose

sole or principal duty is that of superintendence, and who knew the dangerous character of the above described machine." Trial in the Superior Court, before *Bond*, J., who allowed a bill of exceptions, in substance as follows.

There was evidence tending to prove the following facts.

The plaintiff, who was twenty-six years old, was in the employ of the defendant as a laborer, carrying lumber, and on December 24, 1891, was by the defendant's foreman, Duncan Rideout, directed to work upon a circular saw, called a track saw, sawing butternut wood, saying, " I want you to saw that to the best of your ability; the wood is bad and knotty, and take the best wood out of it that you can find." On the morning of that day the plaintiff had asked Rideout, the foreman, if he and another workman named Duncan McGinnis could saw up some lumber called spare waste on a feed saw, and the foreman said, " No, you do not know anything at all about it." The plaintiff testified that he never worked upon a circular saw before except six or seven times, a few minutes at a time, and three of those times were with the particular saw that injured him, sometimes sawing white wood, sometimes oak wood, and on this particular day sawing butternut wood; that Rideout gave instructions for the work generally in the room where he was employed; that he worked from three o'clock until fifteen minutes past five, sawing butternut wood one and five eighths inches wide and seven eighths of an inch thick; that he had sawed away a strip thirteen inches wide until it was four inches wide, or less, and ran off tapering at the end; that he ran it up against the saw, and it was too narrow for it to go into the saw, and he went to put his hand on both pieces of the wood back of the saw, pinching the wood to shove it and pull it out, and his hand was thrown by the wood and its force up on top of the saw, and his four fingers were cut off; that he was hired to act as a laborer, to pack lumber from the cellar to the planing-mill, carrying it into the basement so that the moulders could use it, and from the dry-house into the cellar; that the defendant was not present when Rideout set him to do this sawing; that he knew if the saw touched his hands it would go through them ; that when the board was nearly sawed through, and when his hand had got as near the saw as he thought was safe, he put his fingers

back of the saw to push the board forward through the saw; that he could pull the board through the saw in that way without getting his hand on the saw; that he did not put his hand over to the other side of the board and take hold of the other edge of the board, because he did not know that he could pull it out that way; that on the day before the accident he had seen Rideout, in sawing a board, push it, when nearly finished, through the saw with a stick, and saw that Rideout's fingers did not come near the saw in doing so; that he did not know of any difficulty in doing the same way himself, but simply did not think of it; that he had seen Rideout at work on this saw and other saws, and in sorting lumber; and that Rideout kept himself at work pretty much all the time in getting out lumber or piling it up or arranging it, and in operating saws, and was doing that about all of the time that the plaintiff saw him.

Duncan McInnis testified that Rideout was his foreman, and was the person who gave him his orders; that he had also seen him grinding tools, piling lumber, and keeping busy generally; that Rideout was grinder there for the moulders, grinding knives, and taking charge in general of the moulders and the saws; that he did not know whether Rideout gave orders to anybody else; that Rideout kept pretty busy at work, and spent most of his time at work; and that he had seen the plaintiff before the day of his injury at work on this same saw.

George W. Dykeman, an expert called by the plaintiff, testified that he had been a sawyer about twenty-six years; that a board sometimes kicks, that is, comes over the saw; that springy lumber will make it; that butternut wood is springy and dangerous wood to saw; and that the proper way to get a board through the saw when it was almost sawed through was to push it through with a stick, as the plaintiff had seen Rideout do.

The judge ruled that, upon the declaration and the evidence, the plaintiff could not recover, and ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. F. Aylward*, for the plaintiff.

*H. N. Sheldon*, for the defendant.

BARKER, J. 1. The plaintiff was hired as a common laborer, and the defendant was not present when he was put to work

on the saw by the foreman, although the witness had seen the plaintiff at work upon it before the day of his injury. On the morning of that day the plaintiff had asked the foreman for permission to saw up some lumber on another saw, and before that day he had worked upon a circular saw six or seven times, three of which were upon the saw which injured him. If, under these circumstances, it was negligent for the foreman to send him to work upon the saw, the negligence was that of a fellow workman. See *Moody* v. *Hamilton Manuf. Co.* 159 Mass. 70, and cases cited.

. 2. The evidence does not justify a finding that the foreman by whom the plaintiff was set to work upon the saw was a person whose sole or principal duty was that of superintendence. He was " at work pretty much all the time in getting out lumber, or piling it up, or arranging it, and in operating saws."

*Exceptions overruled.*