THOMAS DOWD *vs.* BOSTON AND ALBANY RAILROAD
COMPANY.

Hampden.   September 26, 1894. — October 18, 1894.

Present: ALLEN, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Employers' Liability Act — " Superintendence."*

In an action under the employers' liability act, St. 1887, c. 270, for personal injuries
occasioned to the plaintiff while in the defendant's employ by the negligence of
A., there was a great deal of evidence, which was uncontradicted, to show that
A. was regularly working with five or six other men in the defendant's service;
and that he was paid the same price for his work as his fellow laborers. It was
proved and not disputed that B. was the defendant's general superintendent,
in charge of the work of these men and others engaged on the same job; and
that he had other duties which took him away from the building for a consid-
erable part of the time. It also appeared that C. was a foreman under him,
whose special work was with the carpenters, and who hired men and exer-
cised superintendence, more or less, in B.'s absence, on that part of the work
where A. was engaged, which was connected with the carpenters' work. The
evidence tended to show that A. received orders from B. or C. in regard to the
work to be done by himself and those working with him, and gave his fellow
laborers directions about the work in the absence of B. *Held*, that there was no
evidence to warrant a finding that A.'s sole or principal duty was that of super-
intendence, within § 1, cl. 2, of the statute.

TORT, under the employers' liability act, St. 1887, c. 270, for
personal injuries occasioned to the plaintiff while in the de-
fendant's employ. At the trial in the Superior Court, before
*Mason*, C. J., it appeared that the plaintiff was injured by be-
ing struck by a cement pipe, which was rolled off the top of a
roundhouse, the roof of which was being repaired by the de-
fendant's workmen, while the plaintiff was ascending a ladder
leading to a staging at one side of the roundhouse on which he
was employed. The judge, at the defendant's request, ruled
that the plaintiff could not recover, and directed the jury to
return a verdict for the defendant; and the plaintiff alleged
exceptions. The facts material to the point decided appear in
the opinion.

*E. H. Lathrop*, for the plaintiff.

*W. H. Brooks*, for the defendant.

KNOWLTON, J.   The plaintiff seeks to recover under the first count of his declaration, which alleges that he was an employee of the defendant, and was injured by reason of the negligence of a person in the service of the defendant, who was intrusted with or exercising superintendence, and whose sole or principal duty was that of superintendence.   There was evidence to warrant the jury in finding that the plaintiff was in the exercise of due care, and that there was negligence on the part of one or more of the defendant's employees.   The only difficult questions in the case are whether McDonald was a person whose sole or principal duty was that of superintendence ; and if so, whether his negligence, if he was negligent, was in the performance of his duty of superintendence.

The evidence is voluminous, and it would be unprofitable to discuss it in detail.   There is a great deal of testimony to show that McDonald was regularly working with five or six other men in the service of the defendant, and there is no evidence which tends to contradict this.   There was testimony that he was paid the same price for his work as his fellow laborers, and this was not contradicted.   It was proved, and not disputed, that one Cady was the general superintendent of the defendant in charge of the work of these men and others engaged on the same job, and that he had other duties which took him away from the building for a considerable part of the time.   It also appeared that one Cuff was a foreman under him, whose special work was with the carpenters, and who hired men and exercised superintendence, more or less, in Cady's absence, on that part of the work where McDonald was engaged, which was connected with the carpenters' work.   The evidence tended to show that McDonald received orders from the general superintendent, or from Cuff, in regard to the work to be done by himself and those working with him, and gave his fellow laborers directions about the work in the absence of Cady.   We think there was evidence to warrant a finding that he exercised some acts of superintendence in the narrow field in which he was working, but that there was no evidence to warrant a finding that his sole or principal duty was that of superintendence.   *Shepard* v. *Boston & Maine Railroad*, 158 Mass. 174.   *Davis* v. *New York, New Haven, & Hartford Rail-*

*road,* 159 Mass. 532.   *Cashman* v. *Chase,* 156 Mass. 342. *Shaffers* v. *General Steam Navigation Co.* 10 Q. B. D. 356.   *Kellard* v. *Rooke,* 19 Q. B. D. 585; *S. C.* 21 Q. B. D. 367.

The jury were rightly directed to return a verdict for the defendant.                                *Exceptions overruled.*