REBEKAH ADASKEN, administratrix, *vs.* TIMOTHY W. GILBERT.

Hampden.    November 13, 1895. — March 2, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Personal Injuries — Loss of Life — Appliance not Defective and not furnished as a Completed Structure — Employers' Liability Act — " Ways, Works, or Machinery " — " Superintendence."*

An action for personal injuries occasioned to an employee while working on a staging which consisted of a ladder with boards placed along the rungs, cannot be maintained, if the evidence leaves it uncertain as to how the accident happened, and there was no evidence of any defect in the apparatus for which the employer ought to be held answerable; and even if there was a defect in it, he would not be liable, as there was no evidence that he undertook to furnish the staging as a completed structure, but intrusted the making of it to the employee and his fellow servants.

A temporary staging, put up by an employee and his fellow servants for the purpose of painting the outside of a building, is not within the term " ways, works, or machinery " in St. 1887, c. 270, § 1, cl. 1.

A workman who is employed on a job as a common painter, receives the same pay as his two fellow servants, and does the same work, is not one intrusted with and exercising superintendence, whose sole or principal duty is that of superintendence, within the meaning of St. 1887, c. 270, § 1, cl. 2.

TORT, for personal injuries occasioned to the plaintiff's intestate, Adolph Adasken, and for causing his death while in the defendant's employ. Trial in the Superior Court, before *Dewey*, J., who, at the close of the plaintiff's evidence, at the defendant's request, directed the jury to return a verdict for the defendant, and the plaintiff alleged exceptions. The facts appear in the opinion.

*D. E. Leary*, for the plaintiff.

*W. H. Brooks & W. Hamilton*, for the defendant.

LATHROP, J. There are four counts in the declaration ; one at common law, and the others either under the St. of 1887, c. 270, or under that act as amended by the St. of 1892, c. 260, § 1. No question of pleading is raised, nor was the plaintiff required to elect under which count she would proceed. The question before us is whether there was any evidence on which the plaintiff was entitled to go to the jury, the presiding justice having, at the close of the evidence for the plaintiff, directed a verdict for the defendant.

The exceptions state that the plaintiff's intestate was a painter, and had learned his trade in Russia, and had worked at it in Russia, in Connecticut, and in Springfield. In the last named place he had worked for the defendant three seasons or more. At the time of the accident he was engaged in painting the outside of a large building in Springfield, having worked on the job about two weeks. He worked with two other persons on a staging which consisted of a ladder about thirty feet long, which had boards placed along the rungs. The ladder was held by three falls of rope, each attached to the roof of the building by a hook. There was a fall at each end of the ladder, and one in the centre. The staging was raised and lowered by means of ropes running through pulleys in these falls. There were also three ropes, each three eighths of an inch thick, running from the ladder to the building, which served to steady it, a rope being at each end of the ladder and one in the middle.

The evidence leaves it very uncertain as to how the accident happened. There was some evidence that the rope, which fastened the end of the ladder on which the intestate was sitting to the building, either broke or slipped, and that the staging swung outward, and the intestate fell to the ground, and received

injuries from which he soon afterwards died.   There was other evidence that the staging was about to be lowered, and that the rope at the end of the ladder was not fast to the building, when the intestate rose up, and lost his balance and fell over.

Taking the view most favorable to the plaintiff, and assuming that the rope broke, or that the knot slipped, we are of opinion that enough has not been shown to entitle the plaintiff to recover.

The testimony is uncontradicted that the three men put the staging together, and each man selected his own rope ; that the rope which broke or slipped was a new one, and appeared plenty strong enough for that place.   There is no evidence that the defendant did not furnish a sufficient supply of proper ropes at the place from which these were taken.   *Carroll* v. *Western Union Telegraph Co.* 160 Mass. 152, and cases cited.   Under these circumstances, the mere fact that the rope broke is not enough to show that the defendant was guilty of negligence.   There was no evidence of any defect in it for which he ought to be held answerable.   *Allen* v. *Smith Iron Co.* 160 Mass. 557.   *Kalleck* v. *Deering*, 161 Mass. 469.

As there was no evidence that the defendant undertook to furnish the staging as a completed structure, but intrusted the making of it to the intestate and his fellow servants, the defendant is not liable if there was any defect in the rope.   *Kelley* v. *Norcross*, 121 Mass. 508.   *Colton* v. *Richards*, 123 Mass. 484. *Killea* v. *Faxon*, 125 Mass. 485.   *Hoppin* v. *Worcester*, 140 Mass. 222.   *McKinnon* v. *Norcross*, 148 Mass. 533.   *Kennedy* v. *Spring*, 160 Mass. 203.

On the count at common law we are therefore of opinion that the plaintiff is not entitled to recover.

The counts under the St. of 1887, proceed upon two grounds ; first, that the staging was a part of the ways, works, or machinery ; and secondly, that one Hosford was a superintendent.

A temporary staging of this kind is not within the term " ways, works, or machinery," in the statute.   *Lynch* v. *Allyn*, 160 Mass. 248.   *Burns* v. *Washburn*, 160 Mass. 457.   *Carroll* v. *Willcutt*, 163 Mass. 221.

The remaining ground upon which the plaintiff seeks to recover is that there was negligence on the part of Hosford, and

that he was a person intrusted with and exercising superintendence, whose sole or principal duty was that of superintendence. We need not stop to consider whether there was any evidence of negligence on Hosford's part which contributed to the accident, nor whether the directions he gave as to lowering the staging, and on the day before the accident telling a friend of the intestate, who was talking with him, to stop, can be called superintendence, as we find no evidence which would have warranted the jury in finding that his sole or principal duty was that of superintendence. So far as the evidence goes it shows that Hosford was employed on the job as a common painter, receiving the same pay as the other two men, and doing the same work. *Cashman* v. *Chase,* 156 Mass. 342. *Shepard* v. *Boston & Maine Railroad,* 158 Mass. 174. *O'Brien* v. *Rideout,* 161 Mass. 170. *Dowd* v. *Boston & Albany Railroad,* 162 Mass. 185. *O'Neil* v. *O'Leary,* 164 Mass. 387. *Exceptions overruled.*