WILLIAM S. BRITTAIN *vs.* WEST END STREET RAILWAY COMPANY.

Suffolk.    January 20, 1897. — February 25, 1897. ·

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Personal Injuries — Employers' Liability Act — Superintendence — Fellow Servant — Discretion of Judge as to reopening Case.*

An action cannot be maintained for personal injuries occasioned to an employee by one who was acting as a fellow servant and not as a superintendent.

It is within the discretion of the judge presiding at the trial to decline to reopen a case for the further examination of a witness.

TORT, under the employers' liability act, St. 1887, c. 270, for personal injuries occasioned to the plaintiff while in the defendant's employ.

At the trial in the Superior Court, before *Lilley,* J., it appeared in evidence that the plaintiff, while employed in the paint shop of the defendant, was engaged with one Hadley, the alleged superintendent, in shifting a car to the elevator for the purpose of taking it out of the shop; that Hadley was operating the car as a motorman, while the plaintiff held and managed the trolley rope; and that, by the movement of the car, the plaintiff was caught between it and the side of the building.

In the discussion of a request of the defendant that the judge direct a verdict for the defendant, there was a dispute as to what the plaintiff had testified about Hadley's moving his hands while the plaintiff was in front of the car, the plaintiff's

attorney claiming that the plaintiff had testified that Hadley moved his hands and the brake and reverser, and ran the car on to the plaintiff.   But on reading the stenographer's report of the evidence, it was found that he had not so testified.   Thereupon the plaintiff's attorney asked to reopen the case, and place the plaintiff upon the stand, for the reason that the attorney had misunderstood the answer.   The judge refused the request, and the plaintiff excepted.   At the request of the defendant, the judge directed a verdict for the defendant; and the plaintiff alleged exceptions.

*P. B. Runyan,* for the plaintiff, submitted the case on a brief.

*W. B. Sprout,* for the defendant.

ALLEN, J.   According to the plaintiff's testimony, the accident happened in consequence of the starting of the car, and this he contended was in consequence of Hadley's negligence. Assuming this to be so, it is quite plain that Hadley was not exercising superintendence, but was merely acting as motorman, or as a fellow servant of the plaintiff.   There was no evidence tending to show that the plaintiff's injury was received by reason of the negligence of any person in the service of the employer, intrusted with and exercising superintendence, whose sole or principal duty was that of superintendence, as required by St. 1887, c. 270, § 1, cl. 2.   *Cashman* v. *Chase,* 156 Mass. 342.   *Fitzgerald* v. *Boston & Albany Railroad,* 156 Mass. 293. *Adasken* v. *Gilbert,* 165 Mass. 443.

It was within the discretion of the court to decline to reopen the case for further examination of the witness.   The matter sought to be inquired about was immaterial, upon the real question in the case.

*Exceptions overruled.*