## WILLIAM J. REYNOLDS *vs.* GEORGE A. BARNARD.

Worcester. September 28, 1896. — April 1, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Master and Servant — Employers' Liability Act — Law and Fact.*

A temporary staging, put up by workmen engaged in slating the roof of a building, is not a part of the employer's "ways, works, or machinery," within the meaning of St. 1887, c. 270, § 1, cl. 1.

In an action for personal injuries occasioned to the plaintiff, while in the defendant's employ, by the fall of an overloaded staging upon which he was at work slating the roof of a building, it is a question for the jury whether the principal duty of the foreman in charge of the work was not that of superintendence, notwithstanding the fact that he was engaged in laying slate on the roof when the accident happened, and although he testifies, as a witness for the defendant, that he worked with his hands nine tenths of the time.

TORT, for personal injuries occasioned to the plaintiff, while in the defendant's employ, by the fall of a staging upon which he was at work. The declaration contained two counts under the employers' liability act, St. 1887, c. 270, § 1, cls. 1, 2, the first count alleging, as the cause of the injury, a defect in the defendant's ways, works, or machinery; and the second count alleging, as such cause, the negligence of some person employed by the defendant and intrusted with and exercising superintendence, whose sole or principal duty was that of superintendence. Trial in the Superior Court, before *Braley*, J., who, at the defendant's request, ruled that the plaintiff was not entitled to recover under either count of his declaration, and directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts sufficiently appear in the opinion.

The case was argued at the bar in September, 1896, and afterwards was submitted on briefs to all the justices.

*J. B. Ratigan*, for the plaintiff.

*G. S. Taft*, for the defendant.

BARKER, J. 1. The ruling that the plaintiff could not recover under the first count was right. The staging by the breaking of which he was hurt was not a part of the defend-

ant's ways, works, or machinery, within the meaning of St. 1887, c. 270, § 1, cl. 1. The plaintiff was a slater, whose work required him to walk upon the topmost of several stagings, fastened to a roof six or seven feet below the ridgepole. The staging consisted of planks laid upon triangular brackets, each made of three pieces of wood nailed together, and fastened to the roof by a strip of zinc, one end of which was nailed to the roof and the other end to the bracket. The brackets were made as needed from pieces of refuse lumber, picked up at the building by any of the workmen who saw fit to do that part of the work, and those in use when the plaintiff was hurt had been put up on the section of the roof where he was working by other workmen, after the plaintiff himself had taken them down from another section. The staging was heavily loaded with slates, and fell by reason of the collapse of an upright forming part of one of the brackets.

As held in *Burns* v. *Washburn*, 160 Mass. 457, and in *Adasken* v. *Gilbert*, 165 Mass. 443, a temporary staging of this kind, built and put up by the workmen themselves for use upon a particular job, " is not within the term ' ways, works, or machinery,' in the statute." The staging as to which, in *Prendible* v. *Connecticut River Manuf. Co.* 160 Mass. 131, it was held that the jury could find it to be part of the ways, works, or machinery, was one of several permanently kept for use about the yard of a mill, and taken down and put up from time to time, and intended to be used from four days to a week at a time in each place where it was erected. The staging in the present case was of the class of appliances which in *Burns* v. *Washburn* and in *Adasken* v. *Gilbert* were held not within the statute.

2. While it cannot be said as matter of law either that the plaintiff was careless in going upon the staging, or that the danger that it would collapse was so obvious that he must be held to have taken the risk, in the opinion of a majority of the court it cannot be said, as matter of law, that the careful oversight of the work by a superintendent would not have prevented the loading of the staging with slate to such an extent as to make it dangerous. It was conceded that the defendant's son was foreman of the job, and that he had charge of it; and, in the opinion of a majority of the court, this was enough to justify

the plaintiff in his contention that it was a question for the jury whether the principal duty of the foreman was not that of superintendence, notwithstanding the testimony that he did manual labor, and was laying slate on another section of the roof at the time of the accident. The fact that the person in charge does manual labor is not conclusive upon the question whether his principal duty is that of superintendence. *Malcolm* v. *Fuller*, 152 Mass. 160. *Prendible* v. *Connecticut River Manuf. Co.* 160 Mass. 131, 138, 139. *O'Neil* v. *O'Leary*, 164 Mass. 387. *Crowley* v. *Cutting*, 165 Mass. 436. Nor was the testimony of the foreman himself, that he worked on the copper gutters nine tenths of the time, conclusive against the plaintiff. The foreman was called as a witness by the defendant, and the jury might have disbelieved this part of his testimony, and if so, there was nothing but the fact that he was at work slating when the staging collapsed, to show that his principal duty was not that of superintendence. This was not enough to bring the case within the doctrine of *O'Neil* v. *O'Leary*, 164 Mass. 387. While proof that the foreman worked with his hands nine tenths of the time would have brought the case within that doctrine, the question whether the testimony of the foreman, called as a witness by the defendant, constituted such proof was for the jury.          *Exceptions sustained.*