## ARNESSE RIOU *vs.* ROCKPORT GRANITE COMPANY.
## JOSEPH LEVIQUE *vs.* SAME.

Essex.    March 1, 1898. — May 19, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Personal Injuries — Negligence — Employers' Liability Act — Superintendence.*

The mere act of a person employed in a quarry of fetching and putting down a can of powder preparatory to blasting in a place where it is soon afterwards overturned, so that an explosion occurs, must be regarded as an act of manual labor, and not of superintendence under the employers' liability act, St. 1887, c. 270, even if it is assumed that the act was a negligent one, and even if the principal duty of the person was that of superintendence.

TWO ACTIONS OF TORT, for personal injuries occasioned to the plaintiffs by the explosion of blasting powder spilled from a

can which one Labelle, who was in the defendant's employ, had put down on the solid ledge on the side of the pit in the defendant's quarry, above the place where the plaintiffs were working. The can was overturned by a tag rope attached to a derrick; and the declaration was under the employers' liability act, St. 1887, c. 270.

At the trial in the Superior Court, before *Lilley*, J., the jury returned verdicts for the plaintiffs, which the judge set aside as not warranted in law; and, at the request of the parties, he reported the cases for the determination of this court. If the ruling was right, judgment was to be entered for the defendant; otherwise, judgment on the verdict for the plaintiff in each case.

*J. J. Flaherty*, for the plaintiffs.

*J. M. B. Churchill*, for the defendant.

MORTON, J.   We think that there was testimony tending to show that the principal duty of Labelle was that of superintendence, though he also performed manual labor.   He was called as a witness by the plaintiffs, and testified, in answer to a question put to him by the plaintiffs' counsel, that it took most of his time "telling them [the men] what to do and giving them the work"; and in reply to the question, "During the whole day did you keep run of the men and keep them at work and tell them what to do, and what not to do?" he answered, "Yes, sir." Later in the course of the trial he was recalled by the defendant, and testified that he worked about three quarters of the time with his own hands, and that during that time he was bossing the men.   But the jury might have found that the earlier testimony to which we have referred described more nearly the true character of his services, and if they did so find, the finding would have warranted the conclusion that his principal duty was that of superintendence.   *Reynolds* v. *Barnard,* 168 Mass. 226.   But we think that the act of putting down the can of powder where he did, which is all the negligence that is relied on, hardly can be said to have been an act of superintendence on Labelle's part, even if we assume that it was negligent to leave the can where he did.   There was testimony tending to show that to some extent the bosses, of whom Labelle was one, had charge of the blasting.   But this may have been in their capacity as workmen possessing more skill and experience in respect to that matter

than the other workmen. If the work of blasting was in some sense in the nature of superintendence, the mere act of fetching and putting down a can of powder preparatory to blasting could hardly be described as an act of superintendence, or as anything more than an act of manual labor on the part of Labelle. There was nothing in it involving any control over or direction to or oversight of any other workman, or requiring any skill, or distinguishing it from any other act of manual labor. When a person is employed to work with his hands, as well as to exercise superintendence, as was the case with Labelle, the line must be drawn somewhere between what are acts of superintendence and what are acts of manual labor, or all that he does must be regarded as superintendence, or as manual labor, which manifestly would be unjust. We think that in this case the act of fetching and putting down the can of powder must be regarded as an act of manual labor. *McCauley* v. *Norcross,* 155 Mass. 584. *Cashman* v. *Chase,* 156 Mass. 342. *O'Brien* v. *Rideout,* 161 Mass. 170. *Dowd* v. *Boston & Albany Railroad,* 162 Mass. 185. *O'Neil* v. *O'Leary,* 164 Mass. 387.

It is unnecessary to consider whether the plaintiffs were in the exercise of due care.                    *Judgment for the defendant.*