JENNIE E. HOFFMAN, administratrix (substituted by amendment) *vs.* LAFAYETTE B. HOLT.

Worcester. October 5, 1904. — October 24, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Negligence*, Employer's liability.

The act of one of two house painters, in attempting to hold the foot of a ladder while the other is upon it and negligently letting it slip, is not an act of superintendence but of simple manual labor, even if the painter guilty of the negligence is otherwise a superintendent within the meaning of the employers' liability act.

TORT for personal injuries received by the plaintiff's intestate, in the manner described in the opinion, while in the defendant's employ, the original plaintiff having been the intestate, who died while the action was pending, the administratrix being substituted as plaintiff by amendment. Writ dated April 4, 1901.

In the Superior Court the case was tried before *Gaskill*, J., who at the close of the evidence ordered a verdict for the defendant, and reported the case for determination by this court. If the plaintiff was entitled to go to the jury upon the evidence introduced, judgment was to be entered for the plaintiff in the sum of $3,000; otherwise, judgment was to be entered on the verdict.

*G. R. Warfield*, for the plaintiff.

*C. C. Milton*, for the defendant.

BARKER, J. The plaintiff's intestate was hurt by reason of the slipping of a ladder. At the time he and one other person only were at work and the particular thing then in hand was the nailing of a cleat upon a ladder which they were to use in painting a roof. He was upon the ladder nailing the cleat, and the other person was holding the foot of the ladder. Both of these

two persons were in the employment of the defendant as painters, and both were expected to paint; but Donovan the person who held the foot of the ladder and caused the accident by letting the ladder slip was in charge; and when the plaintiff's intestate was taken to the place where the painting was to be done, the defendant took him there and told him that Donovan was there and had charge of the job and would tell the plaintiff's intestate what to do, and that the defendant then went away. The evidence tended to show that Donovan procured the ladder, which had no hooks or cleat to hold it to the roof; that the two put it on the main roof, that the plaintiff's intestate was to go up on the ladder and Donovan was to hold it at the bottom, and that the plaintiff's intestate went up the ladder to nail on a cleat to hold the ladder to the ridge pole; also that this method of putting on the cleat was ordered by Donovan, who said that he was strong enough to hold the ladder and that he could hold it; and also that Donovan let go his hold and the ladder slipped for that reason.

The case was tried upon one count only, for negligence of a superintendent under the employers' liability act. The count alleged that the plaintiff's intestate by the direction of Donovan was engaged in fastening a cleat upon a ladder which Donovan undertook to steady and hold while the plaintiff's intestate was at work upon it, and that Donovan carelessly released his hold upon the ladder and allowed it to slip.

At the close of the evidence a verdict for the defendant was directed, and the case is before us upon a report.

We do not consider whether upon the evidence Donovan could be found to be a superintendent within the meaning of the statute. See *Adasken* v. *Gilbert*, 165 Mass. 443. Although in charge of the job, he was expected to work as a painter. He was mixing paint when the plaintiff's intestate arrived. On other jobs for the same employer although Donovan gave instructions he worked by the side of the other painters, beginning work at the same time with the other men, working the same hours, taking his place beside them on ladder or staging and painting with them whenever there was room. Whether his wages were higher does not appear. We think the verdict for the defendant was ordered rightly because Donovan's act in re-

leasing his hold upon the ladder and allowing it to slip could not be found to be an act done in the exercise of superintendence.

The work of arranging and putting in place ladders and stagings for doing outside painting, proper appliances and materials being furnished by the employer, is ordinarily the concern of the workmen themselves. Here there were two men who were expected to do the same kind of manual labor. The employer himself was absent and had given no directions about ladders or stagings, leaving his employees to arrange them for themselves. Where one person acts both as a common laborer and a boss, and is expected to work with and as the other workmen, even his words of command are not necessarily acts of superintendence. See *Whittaker* v. *Bent*, 167 Mass. 588. We think that the act of Donovan in attempting to hold the ladder and letting it slip was not an act of superintendence but of simple manual labor. See *Riou* v. *Rockport Granite Co.* 171 Mass. 162; *Flynn* v. *Boston Electric Light Co.* 171 Mass. 395. The plaintiff's allegation is that Donovan carelessly and negligently released his hold and let the ladder slip, — not that he misjudged his strength or the strain which might come upon it. Therefore there was nothing to show that the order given by Donovan was negligent or his plan defective, so as to bring his own manual labor within the statute as an act of superintendence. See *Joseph* v. *George G. Whitney Co.* 177 Mass. 176; *Gibson* v. *International Trust Co., ante*, 454.

*Judgment on the verdict.*