EDWARD F. FOSTER *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Worcester.   October 5, 1904. — November 22, 1904.

Present : KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Negligence*, Employer's liability, ways, works or machinery, defective appliances, Contributory.   *Railroad.*

In an action, by a delivery clerk in the freight house of a railroad company against his employer, for injuries from stepping through a hole in the floor of an empty freight car used as a passageway in unloading freight from another car and transporting it to the platform of the freight house, it appeared, that the method employed in unloading cars on the track second from the platform was to run the car opposite to a car on the first track, put a bridge between the two, connect the first car with the platform, and carry the freight on trucks across the bridge through the intervening car and over the second bridge to the freight house, that the empty car thus used as a passageway when the plaintiff was injured belonged to another railroad company, that the hole in its floor was partly covered by the rising board connecting the cars, and the plaintiff testified that, when he passed through the car pushing an empty truck before him on his way for the freight, his attention was directed to the rising board over which he was to pass rather than to any other portion of the way, and that he did not see the

hole, into which he stepped and was injured. *Held*, that, irrespective of the manner in which the empty car got into the defendant's station, the defendant by taking and using it in unloading its own freight made it for the time a part of its ways, works or machinery within the meaning of the employers' liability act, for a defect in which it could be found to be liable. *Semble*, that the defendant also could be found to be liable at common law for furnishing the plaintiff with defective appliances with which to perform his work. *Held, also*, that the question whether the plaintiff was in the exercise of due care was one of fact for the jury.

TORT, by a delivery clerk in the freight house of the defendant at Leominster, for injuries caused by his stepping into a hole in the floor of an empty freight car used as a passageway in unloading freight from another car and transporting it to the platform of the freight house, with a count under the employers' liability act alleging a defect in the ways, works or machinery of the defendant, and a count at common law alleging a failure to furnish the plaintiff with safe instrumentalities or a safe place in which to work. Writ dated December 13, 1902.

In the Superior Court *Gaskill*, J. ordered a verdict for the defendant, and reported the case for determination by this court. If the ruling was right judgment was to be entered for the defendant; otherwise, judgment was to be entered for the plaintiff in the sum of $1,500.

*J. E. McConnell*, for the plaintiff.

*A. P. Rugg*, (*H. H. Thayer* with him,) for the defendant.

BRALEY, J. It is the contention of the plaintiff that upon the evidence shown by the report whether he was in the exercise of due care, or the defendant was negligent were issues of fact upon which the jury could have found in his favor, and therefore the direction of a verdict for the defendant was wrong.

In the performance of his duty as delivery clerk the plaintiff was required to unload freight from the cars as called for and deliver it to consignees, and he had a right to rely on the presumption that the defendant would not furnish defective appliances with which he was to perform the work.

The car in which he was injured was not a part of the permanent instrumentalities provided for the reception, delivery or storage of freight, and he had not been in it until the morning of the accident, and had not previously known of the defective condition of the floor.

At that time the car had been opened, and all the usual arrangements made for the delivery of the freight, and the hole in the floor was partly covered by the rising board connecting the cars, and which obstructed a full view of it by the plaintiff. He testified that when he passed through pushing an empty truck before him on his way for the freight, his attention was directed to the rising board over which he was to pass, rather than to any other portion of the way, and that he did not see the hole.

While it was his duty in the exercise of ordinary care not to expose himself to unusual danger his conduct under the conditions disclosed cannot be said as matter of law to have been careless. *Gilman* v. *Eastern Railroad*, 10 Allen, 233. *Huddleston* v. *Lowell Machine Shop*, 106 Mass. 282. *Myers* v. *Hudson Iron Co.* 150 Mass. 125, 134. *Gustafsen* v. *Washburn & Moen Manuf. Co.* 153 Mass. 468, 474. *Anderson* v. *Clark*, 155 Mass. 368. *Bartolomeo* v. *McKnight*, 178 Mass. 242, 246.

In the conduct of its business, the defendant was required as a carrier of freight to deliver it to the consignees at the station where the plaintiff was employed, and if his injuries had been caused by a defective platform provided for his use by the defendant, there would seem to be no sufficient reason why it could not be held liable for such defect. *Snow* v. *Housatonic Railroad*, 8 Allen, 441. Instead of this the method generally employed seems to have been that when a freight car was to be unloaded on the second of the two tracks the " usual, customary and only way " was to run such car opposite a car on the first track, put a bridge between the two, and then connect the first car with the platform of the freight house ; the freight was then carried on trucks across the bridge through the intervening car, and over the second bridge to the freight house.

If it had placed one of its own cars in position for this purpose there would be no substantial difference between the use of the car, or of a movable or stationary platform to accomplish the work, and either would be an appliance furnished by the defendant.

It chose to use a freight car belonging to another railroad company which apparently had been run over its tracks to this station. Although the report does not show whether the defend-

ant was to be paid for this service, or was merely forwarding the car, or what arrangement, if any, existed between it and the company owning the car, it is enough that whatever the character of the defendant's possession, it took and utilized this car, which at the time of the accident was being used solely for the purpose of unloading its own freight, and between itself and the plaintiff must be treated as a part of its works. *Spaulding* v. *Flynt Granite Co.* 159 Mass. 587, 588. See *Delory* v. *Blodgett,* 185 Mass. 126.

The plaintiff is not obliged to rely exclusively upon his count at common law, for under the statute it was temporarily a part of the defendant's rolling stock, and of its works and machinery. It was being used " as one of the instruments of its business." St. 1887, c. 270, § 1, cl. 1. And this would be so under the circumstances of this case under the employers' liability act as originally passed, or as amended by St. of 1893, c. 359. *Bowers* v. *Connecticut River Railroad,* 162 Mass. 312, 317.

For this reason the rule which imposes upon the defendant the duty of properly inspecting cars of other railroad companies delivered to it for transportation, and its consequent liability, whether at common law, or under St. 1887, c. 270, § 1, cl. 2, for injury to its servants if this duty is neglected or improperly performed, becomes unimportant in the decision of this case. See *Mackin* v. *Boston & Albany Railroad,* 135 Mass. 201; *Coffee* v. *New York, New Haven, & Hartford Railroad,* 155 Mass. 21, 24.

There is a class of risks not fully defined that may arise in the ordinary course of employment, and from their transitory character are said not to impair or permanently affect the ways, works and machinery, and for which the master is not held liable to a servant who may be injured while working under such temporary conditions. *Whittaker* v. *Bent,* 167 Mass. 588. *Kanz* v. *Page,* 168 Mass. 217. *Thompson* v. *Norman Paper Co.* 169 Mass. 416, 417. See *Northern Pacific Railway* v. *Dixon,* 194 U. S. 338, 346. But where these instrumentalities are originally defective, or become unsafe from want of repair, such a defence is not open. *Meehan* v. *Speirs Manuf. Co.* 172 Mass. 375, 377.

If the defendant adopted and used the car as a way or platform over which freight was to be unloaded and transferred to its freight house, or delivered to consignees, then manifestly at

common law or under the statute it was required to use every reasonable precaution to see that it was suitable for this purpose; and whether this duty had been discharged was to be determined upon the evidence. *Snow* v. *Housatonic Railroad, ubi supra.* See *Trimble* v. *Whitin Machine Works*, 172 Mass. 150, 153.

As the evidence was open to more than one conclusion on both of the questions presented, its weight and all just inferences to be drawn therefrom were for the jury, and the case should have been submitted to them. In accordance with the terms of the reservation contained in the report, the order must be,

*Judgment for the plaintiff in the sum of $1,500.*