Mason v. Ferguson.


## MASTER AND SERVANT.

[Hamilton (1st) Circuit Court, March 5, 1910.]

Giffen, Smith and Swing, JJ.

GEORGE E. MASON v. JOHN R. FERGUSON.

1. DUTY OF FOREMAN TO INSPECT SCAFFOLD MUST BE PROVEN.

In an action by an employe for injuries resulting from falling of a scaffold,. the master can be held liable on the ground of negligence of his foreman only when it is proven that it was the duty of such foreman to inspect the scaffold in question.

2. BRICKLAYER'S SCAFFOLD NOT AN APPLIANCE WITHIN MEANING OF SEC. 4238o REV.. STAT. (GEN. CODE 6242).

The provisions of Sec. 4238o Rev. Stat. (Gen. Code 6242) as to an employer's. liability for injuries to an employe notwithstanding the negligence of a fellow-servant, do not apply to a temporary scaffold, erected on land of a third person by a carpenter for a brick layer to work on in building a. wall.

ERROR to Hamilton common pleas.

W. W. Smith and H. C. Busch, for plaintiff in error:

Cited and commented upon the following authorities: *Coal & Mining Co.* v. *Clay*, 51 Ohio St. 542 [38 N. E. Rep. 610; 25 L. R. A. 848]; *Pittsburg, C. & St. L. Ry.* v *Ranney*, 37 Ohio St. 665; *Little Miami Ry.* v. *Fitzpatrick*, 42 Ohio St. 318; *Brady* v. *Norcross*, 172 Mass. 331 [52 N.. E. Rep. 528]; *Adasken* v. *Gilbert*, 165 Mass. 443 [43 N. E. Rep. 199]; *Hoppin* v. *Worcester*, 140 Mass. 222 [2 N. E. Rep. 779]; *Colton* v.. *Richards*, 123 Mass. 484; *Kelly* v. *Norcross*, 121 Mass. 508; *Ross* v. *Walker*, 139 Pa. St. 42 [21 Atl. Rep. 157, 159; 23 Am. St. Rep. 160]; *Hoar* v. *Merritt*, 62 Mich. 386 [29 N. W. Rep. 15]; *Dewey* v. *Parke*, 76. Mich. 631 [43 N. W. Rep. 644]; *Marsh* v. *Herman.* 47 Minn. 537 [50 N. W. Rep. 611]; *Dube* v. *Lewiston (City)*, 83 Me. 211 [22 Atl. Rep.. 112]; *Brown* v. *Gas Light Co.* 81 Vt. 447 [71 Atl. Rep. 204]; *Peffer* v. *Cutler*, 83 Wis. 281 [53 N. W. Rep. 508]; *Columbus & Xenia Ry.* v. *Webb*, 12 Ohio St. 475; *Kelly Island Lime & Transp. Co.* v. *Pachuta*, 69. Ohio St. 462 [69 N. E. Rep. 988; 100 Am. St. Rep. 706].

M. O. Burns and Powell & Smiley, for defendant in error.

GIFFEN, J.

The plaintiff in the original action, J. R. Ferguson, was injured by reason of the scaffold upon which he was working as a bricklayer-

breaking and precipitating him to the ground. The negligence charged was the use of a defective board called the "ledger," which supported the platform upon which he was working, and was attributed to the carpenter, a fellow-servant of the plaintiff, or to the foreman who inspected the scaffold after it was constructed.

Although there is no positive proof that it was the duty of the foreman to inspect, yet it may fairly be inferred from his testimony that it was customary for him to inspect and that he did inspect this scaffold before it was used. If he did not, therefore, exercise ordinary care in performing that duty, his want of care would be chargeable to the defendant, because the evidence is undisputed that he was placed by the defendant in authority and control over the plaintiff. If, however, the evidence is insufficient to support a finding that it was the foreman's duty to inspect, then the question arises whether the defendant is responsible for the negligence of the carpenter, a fellow-servant of the plaintiff, or in other words, do the facts bring the case within the provisions of Sec. 42380 Rev. Stat. (Gen. Code 6242):

"An employer shall be responsible in damages for personal injuries caused to an employe, who is himself in the exercise of due care and diligence at the time, by reason of any defect in the condition of the machinery or appliances connected with or used in the businesss of the employer, which arose from, or had not been discovered or remedied owing to the negligence of the employer, or of any person in the service of the employer, intrusted by him with the duty of inspection, repair, or of seeing that the machinery or appliances were in proper condition."

The chief object in enacting this section was not to impose a liability upon an employer for failing to perform his duty to exercise ordinary care to furnish a reasonably safe place for his employes to work in, or reasonably safe machinery and appliances to work with, because that liability already existed at common law; but to impose a liability upon the employer for negligence of fellow-servants in performing the duties therein mentioned.

It was not the duty of the defendant to furnish to the plaintiff a permanent and completed appliance, but it was itself a part of the work which he and his fellow-workmen were engaged in, to wit, the building of a brick wall, the scaffold being constructed in sections as the work progressed. The common law liability of the defendant ended when he furnished reasonably safe materials and reasonably competent men to do the work. It was the duty however of the carpenter to use ordinary

Mason v. Ferguson.

care in constructing the scaffold, and in seeing that it was in proper condition, for failure of which duty the statute makes the employer liable, unless as claimed by counsel the scaffold in question was not an appliance within the meaning of this section. A similar statute in the state of Massachusetts, which has been often construed by the supreme court of the state, is as follows:

"Where after the passage of this act personal injury is caused to an employe, who is himself in the exercise of due care and diligence at the time; by reason of any defect in the condition of the ways, works or machinery connected with or used in the business of the employer, which arose from or had not been discovered or remedied owing to the negligence of the employer or of any person in the service of the employer and intrusted by him with the duty of seeing that the ways, works or machinery were in proper condition * * * the employe has the same right of compensation and remedies," etc.

In the case of *Burns* v. *Washburn,* 160 Mass. 457 [36 N. E. Rep. 199], the first proposition of the syllabus is as follows:

"A temporary staging, put up by masons in the employ of a contractor for the purpose of erecting a building on the land of a third person, is not a part of the employer's 'ways' or 'works' within St. 1887, c. 270."

In the case of *Adasken* v. *Gilbert,* 165 Mass. 443 [43 N. E. Rep. 199], the second proposition of the syllabus is as follows:

"A temporary staging, put up by an employer and his fellow-servants for the purpose of painting the outside of a building is not within the term 'ways, works or machinery' in St. 1887, c. 270."

The reason assigned is that the statute refers to ways or works of a permanent character, such as are connected with or used in the business of an employer; and that it does not apply to a temporary structure like a staging erected on the land of a third person.

So likewise we are of opinion that Sec. 4238o Rev. Stat. (Gen. Code 6242), does not apply to a temporary scaffold erected on the land of a third person; but was intended to avoid the rule stated in the case of *Little Miami Ry.* v. *Fitzpatrick,* 42 Ohio St. 318, and like cases.

The court charged the jury as follows:

"If you find from the evidence that the platform in question was an appliance used in the business of the defendant and necessary in his business then this statute would apply."

The temporary nature of the scaffold is undisputed in the record,

hence this instruction is erroneous and no. doubt influenced the jury to return a verdict for the plaintiff, although they may have found it to be the duty of the foreman to inspect the structure when completed, and that he negligently performed that duty.

The judgment will therefore be reversed and the cause remanded for a new trial.

Smith and Swing, JJ., concur.