## RICHARD T. GREEN CO. v. YOUNG.

(Circuit Court of Appeals, First Circuit. May 27, 1910.)

### No. 870.

MASTER AND SERVANT (§ 116*)—MASTER'S LIABILITY FOR INJURY TO EMPLOYÉ —DEFECTIVE "WAYS, WORKS, OR MACHINERY."

Under the Massachusetts employer's liability act (Rev. Laws, c. 106, § 71), as construed by the state courts, a staging built by a shipbuilding company under the direction of its superintendent around a vessel under construction for the carpenters and caulkers to work upon and required for that purpose is a permanent structure which constitutes "ways, works, or machinery," within the meaning of the statute, and a defect in its construction by a failure to spike one of the cross-pawls to the uprights may authorize a recovery against the company for an injury to an employé resulting therefrom.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 207; Dec. Dig. § 116.*

For other definitions, see Words and Phrases, vol. 8, pp. 7420, 7421.]

In Error to the Circuit Court of the United States for the District of Massachusetts.

Action by Hebron E. Young against the Richard T. Green Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Milfred O. Garner, for plaintiff in error.

Endicott P. Saltonstall (Sanford H. E. Freund, on the brief), for defendant in error.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

COLT, Circuit Judge. This is a writ of error for review of the rulings of the Circuit Court in an action to recover damages for personal injuries.

The Richard T. Green Company, defendant below, is a corporation engaged in the business of shipbuilding; and early in 1909 it had begun the construction of a vessel 172 feet in length at its yard in Chelsea. In February, 1909, a staging was built around the vessel, upon which the carpenters and caulkers worked. In the following June, Young, the plaintiff below, who had been employed by the company as a caulker since February, fell from the staging, and was injured. At the time of the accident he was engaged in raising one of the planks to a cross-pawl higher up on the staging, when the lower cross-pawl on which one of his feet rested turned or tilted, and he fell to the dock below.

The case was submitted to the jury on two counts under the Massachusetts employer's liability act (Rev. Laws, c. 106, § 71); the second

count alleging that the injury complained of was caused by reason of a defect in the "ways, works, or machinery" of the defendant.

In regard to this count, the defendant asked the Circuit Court for a ruling that there was no evidence that the staging in question was ways, works, or machinery within the meaning of the statute; and the principal exceptions are based upon the refusal of the Circuit Court to make this ruling.

We find no error in this ruling, since it is clear, in our opinion, that there was evidence upon which the jury might find that this staging was ways, works, or machinery within the meaning of the statute, as construed by the Massachusetts courts. There was evidence that the business of the defendant required the use of staging; that this particular staging was built under the direction of the defendant's superintendent; that the defendant furnished the material for this express purpose; and that this staging was a permanent structure in the sense in which the word "permanent" has been applied to similar structures by the state court. There was also evidence of a defect in the construction of the staging by reason of the failure to spike the cross-pawl upon which the plaintiff rested his foot to the uprights, as well as the upper cross-pawl over which he was leaning at the time he fell.

The case at bar cannot be distinguished in principle from Prendible v. Connecticut River Manufacturing Company, 160 Mass. 131, 35 N. E. 675, Donahue v. Buck & Co., 197 Mass. 550, 83 N. E. 1090, 18 L. R. A. (N. S.) 476, Doherty v. Booth, 200 Mass. 522, 86 N. E. 945, and Foster v. New York, New Haven & Hartford Railroad Company, 187 Mass. 21, 72 N. E. 331. The other class of cases upon which the defendant relies relate to temporary stagings put up by the workmen themselves. Burns v. Washburn, 160 Mass. 457, 36 N. E. 199; Adasken v. Gilbert, 165 Mass. 443, 43 N. E. 199; Reynolds v. Barnard, 168 Mass. 226, 46 N. E. 703. .

We have considered what seems to us the only substantial question raised by the exceptions. The other requests for rulings were plainly not warranted by the facts in the case, or were not a full and correct statement of the law, and were therefore properly refused by the Circuit Court.

The judgment of the Circuit Court is affirmed, with interest, and the defendant in error recovers his costs of appeal.