DINAH BUCKLEY, administratrix, *vs.* DOW PORTABLE ELECTRIC
COMPANY.

Norfolk.    March 7, 1911. — May 19, 1911.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability.

Driving an automobile truck from a new factory back to an old factory, from
which the driver's employer is moving, is not an act of superintendence, and if
a workman of the same employer at his request is taken along, sitting on an
empty basket, and is thrown out and killed owing to too great speed or careless
driving, the administrator of the workman's estate cannot recover from the
employer for the death of his intestate thus caused by the carelessness of a
fellow workman.

TORT by the administratrix of George J. Buckley, under the
employers' liability act, to recover damages for the conscious
suffering and death of the plaintiff's intestate from injuries sus-
tained on December 20, 1906, between three and four o'clock in
the afternoon, when the intestate was employed by the defend-
ant as a lumper or a man who did general work around the
defendant's factory, with two counts, respectively for the con-
scious suffering and death of the intestate, alleged to have been
caused by the negligence of a person in the service of the defend-
ant who was entrusted with and was exercising superintendence
and whose sole or principal duty was that of superintendence.
Writ dated March 14, 1907.

In the Superior Court the case was tried before *Sherman,* J.
The facts shown by the evidence are stated in the opinion.    At
the close of the evidence the defendant asked the judge to in-
struct the jury that upon all the evidence the plaintiff was not
entitled to recover under either count of the declaration, and to
order a verdict for the defendant on the ground that there was
no evidence to show that Alvah M. Dow, mentioned in the opin-
ion, was a superintendent whose sole or principal duty was
that of superintendence, or who was acting as superintendent,
and upon the further ground that upon all the evidence Alvah

M. Dow at the time of the accident was not engaged in superintendence or in acting as superintendent.

The judge refused to give these rulings, and submitted the case to the jury, who returned a verdict for the plaintiff, assessing damages on account of death in the sum of $5,000 on the second count, and allowing no damages for conscious suffering as alleged in the first count.   The defendant alleged exceptions.

*J. W. McAnarney*, (*T. F. McAnarney* with him,) for the defendant.

*E. W. Crawford*, for the plaintiff.

RUGG, J.   This is an action under the employer's liability act to recover for the death of the plaintiff's intestate, while at work for the defendant, alleged to have been caused by the negligence of Alvah M. Dow, a superintendent of the defendant.   The only negligence relied upon was the careless operation and overspeeding of an automobile.

The circumstances of the accident were these: The defendant was moving from one factory to another, and for this purpose had used an automobile truck.   The plaintiff's intestate being at the new factory and desiring to go to the old, asked Alvah M. Dow whether he was going over, and on receiving an affirmative reply said he would go along too.   Dow assented.   Four persons so far as appears without direction from anybody got on the car, although there were only two seats, and some baskets were in it, upon one of which the plaintiff's intestate seated himself.   Dow drove the automobile.   As it was passing rapidly around a curve on the journey to the old factory over a rough, bad place in the highway near a railroad track, one wheel struck a projecting water gate, the plaintiff's intestate was thrown out and received mortal injuries.   Either the speed of the automobile or the failure to avoid obstructions in the way or both contributed to the accident.   Assuming that Dow might have been found to be a superintendent within the meaning of the employers' liability act, the negligent act complained of must have been performed in the exercise of superintendence in order that the defendant may be liable.   The driving of the car was not superintendence, but manual labor.   Although requiring a considerable degree of skill, discretion and alertness, it involved no element of super-

vision or overseeing of others. If the direction, which Dow gave to himself to run the machine from one factory to the other, be treated as an act of superintendence, the details of the execution of the order as to speed from moment to moment, precise course upon the roadway and avoidance of projections or other obstacles were necessarily within the control of the operator of the car in the performance of his duty as operator. The causal negligence was not in determining to take the automobile, but in the way and place in which it was run. This rested upon the independent personal volition of the driver. In doing this Dow was merely a fellow servant with the plaintiff's intestate, and not one in authority over him or anyone else. Under the law the defendant is not responsible in damages for this conduct so far as it affects a fellow laborer. The case falls within the class illustrated by *Sarrisin* v. *Slater & Sons,* 203 Mass. 258; *Brittain* v. *West End Street Railway,* 168 Mass. 10; *Riou* v. *Rockport Granite Co.* 171 Mass. 162; *Fleming* v. *Elston,* 171 Mass. 187; *Fitzgerald* v. *Boston & Albany Railroad,* 156 Mass. 293; *Whittaker* v. *Bent,* 167 Mass. 588; *McPhee* v. *New England Structural Co.* 188 Mass. 141, 144; *Hoffman* v. *Holt,* 186 Mass. 572, and *Joseph* v. *George C. Whitney Co.* 177 Mass. 176. *Mooney* v. *Benjamin F. Smith Co.* 205 Mass. 270, is distinguishable in its facts.

There appears to have been a full and fair trial and, as no ground of liability on the part of the defendant is shown, under the terms of the exceptions and St. 1909, c. 236, judgment is to be entered for the defendant.

*So ordered.*