JOHN FLEMING *vs.* ABRAHAM A. ELSTON.

Suffolk.    March 18, 1898. — May 19, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Personal Injuries — Employers' Liability Act — Superintendence — Negligence of Fellow Servant.*

An old and experienced employee, who was employed in taking down a building, was lying on the floor lifting a piece of iron which he was able to lift alone, and which had been loosened from the outside wall and was to be lifted to the floor. While in this position something struck him under his leg and he lost his balance and fell into the street and was injured. There was some evidence that a superintendent was near the plaintiff just before the accident, with a crowbar in his hand; but if the plaintiff was struck by the crowbar, none of the circumstances appeared. *Held*, in an action under the employers' liability act, St. 1887, c. 270, that, if there was any negligence, it did not appear not to have been that of a fellow servant.

TORT, for personal injuries.   Trial in the Superior Court, before *Sherman*, J., who ruled that the plaintiff could not maintain his action, and directed a verdict for the defendant; and the plaintiff alleged exceptions.   The material facts appear in the opinion.

*T. H. Buttimer*, for the plaintiff.

*E. B. Hale & J. Fox*, (*F. E. Dickerman* with them,) for the defendant.

HOLMES, J. . This is an action for personal injuries brought under the employers' liability act, St. 1887, c. 270, § 1, cl. 2, amended by St. 1894, c. 499, § 1, alleging negligence of a person intrusted by the defendant with superintendence of the work on which the plaintiff was engaged.   The work was taking down a building.   The plaintiff had been lying down upon the floor, holding a piece of iron that was to be loosened from the outside wall and lifted to the floor.   He was told to lift it, and did so, when, just as he had it in his hands, something struck him under his leg and upset his balance, so that he fell into the street.   The iron was a strip three feet long, eight inches wide, and a quarter of an inch thick, which the plaintiff was able to lift alone, and although of course while it was in his hands his

balance was more unstable than when his hands were free, there was no impropriety in directing him to lift it. The plaintiff was an old sailor and an experienced hand at the work, and on the whole case the sole responsible cause of the injury must be found in the blow which upset him, and not in any remoter antecedent condition. There was a little evidence that Haskell, who, we assume, might be found to have been a superintendent, was pretty near the plaintiff just before the accident, with a crowbar in his hand, so that perhaps it would not be pure conjecture if it were found that in some way the plaintiff was struck by this crowbar. But none of the circumstances appear, and even if it were admitted that the injury was caused by Haskell's negligence, which would be going rather far, there is nothing to show that it was negligence in the exercise of superintendence rather than in manual labor, in doing which Haskell stood like any fellow servant. Permitting himself or another laborer to be in the plaintiff's neighborhood with a crowbar in his hands could not be found to be negligent superintendence without more, merely because the event showed that it was possible to do harm by negligently handling or by dropping the bar. *Cashman* v. *Chase*, 156 Mass. 342.

*Exceptions overruled.*