## John H. McKay *vs.* James B. Hand.

Norfolk.    November 13, 1896. — May 19, 1897.

Present: Field, C. J., Allen, Knowlton, Morton, & Lathrop, JJ.

*Personal Injuries — Employers' Liability Act — Works, Ways, or
Machinery — Ladder.*

At the trial of an action for personal injuries received by the plaintiff in conse-
quence of the breaking of a ladder on which he was standing while painting the
outside of a house, there was evidence that the plaintiff and two fellow workmen
selected from a lot of ladders furnished by their employer for the job two lad-
ders about twenty-two feet and twelve feet long respectively, and, splicing them
together, placed them against the side of the house so that while the foot of the
ladders stood about twelve feet from the house the upper end rested against it
just beneath the coving; that the ladder which broke was painted, and con-
tained no apparent defects; and that the plaintiff, though expressing doubts as
to the strength of the ladders, was assured of their strength by one of his fellow
workmen. It did not appear that the defendant was present when the men were
at work, and there was no evidence of a defect in the ladder except the fact that
it broke, and the testimony of witnesses that a sound ladder would not have
broken under those conditions, nor did it appear that the ladder was too small,
or that it was made of unsuitable materials, or that the side pieces were rotten
or otherwise defective. *Held,* that an action could not be maintained either at
common law or under the employers' liability act, St. 1887, c. 270.

Two ladders spliced together by employees, and placed against the side of a house
for the purpose of painting it, do not necessarily constitute a part of the ways,
works, or machinery of an employer under the employers' liability act, St. 1887,
c. 270.

Tort, for personal injuries received in consequence of the
breaking of a ladder on which the plaintiff was standing while
engaged in the defendant's employ in painting the outside of a
house. Trial in the Superior Court, before *Sheldon,* J., who
ruled that the action could not be maintained, and directed
the jury to return a verdict for the defendant; and the plaintiff
alleged exceptions. The material facts appear in the opinion.

*A. H. Russell,* for the plaintiff.

*S. H. Tyng,* for the defendant.

Field, C. J. This is an action for personal injuries received
in consequence of the breaking of a ladder on which the plaintiff
was standing while engaged in the work of painting the outside
of a house.

The declaration as amended contains four counts, the first three under the employer's liability act, St. 1887, c. 270, and the fourth at common law. The presiding justice directed a verdict for the defendant, and to this the plaintiff excepted.

Three men, including the plaintiff, were employed by the defendant, who furnished a load of ladders for the job, and one of the men selected two ladders, and the three spliced the ladders together and then raised them against the house. The ladder known as the butt was about twenty-two feet long, and the other, known as the tip, was about twelve feet long. The two ladders when fastened together as they were first raised against the house, extended above the eaves of the roof, whereupon the foot of the ladders was pulled out about twelve feet from the house, so that the upper end of the ladders reached just beneath the coving of the roof. The plaintiff went up the ladders with a pot of paint in one hand and a paint brush in the other, when one of the ladders broke and he fell to the ground and was injured. The evidence does not distinctly disclose which ladder broke, or how far up on the ladders the plaintiff was when the ladder broke; but we infer that he was near the top of the ladders, that the ladder which broke was the one called the butt, and that it broke on both sides near the upper end. There was no contention that the ladders were not properly fastened together, although they might have been so fastened as to make the whole length shorter, and this would have rendered it unnecessary to place the foot of the ladders so far from the house.

There was evidence that the ladders as they were placed were not in a proper position for work. Precisely what the danger was from the position of the ladders does not expressly appear. The plaintiff testified that it was not a proper way to place the ladders, but that if the ladder had been sound it would not have broken in the position it stood. It is obvious that ladders placed at the incline these were would slip more easily on the ground than if they had been placed nearly perpendicular to it, and that the ladders placed as they were would break more easily under the weight of a man than if they had been placed more nearly upright. It is equally obvious that the more the ladders were extended by splicing, the greater became the danger of

breaking under any given weight, if the ladders were supported only by the ends.

The plaintiff had, and expressed, doubts of the strength of the ladders as they were placed, but being assured by one of the other men that they were safe, he mounted the ladders. It does not appear that the defendant was present while the men were at work. The plaintiff testified that the ladder which broke was painted, and to all outward appearance was a good ladder, and that if he had known that the ladder was defective he would have taken another ladder.

The accident happened on May 10, 1894, and the only evidence of notice of the time, place, and cause of the accident was an attorney's letter sent to the defendant. We find it however unnecessary to determine whether, on the evidence,* the jury properly could have found that the notice was seasonably received by the defendant, or that its contents were such as to make it a good notice.

There is no evidence of the negligence of any person in the service of the defendant intrusted with and exercising superintendence, and the plaintiff relies in argument solely upon the count charging a defect in the condition of the ways, works, or machinery of the defendant, which arose from or had not been

---

* On this point one Sullivan testified that he was a clerk in Mr. Richard Sullivan's office; that in 1894 he had something to do with serving a notice upon the defendant; that toward the latter part of the month Mr. Sullivan told him that McKay had been in; and that Mr. Sullivan gave him a note, the contents of which, as nearly as he could recollect, were as follows : " Mr. James B. Hand, Brookline, Mass. A claim has been placed in my hands against you for damages for an accident that occurred at Mr. Cutler's premises, on some street in Brookline in ——, on which your machinery was defective," or some such words, and stating that Mr. Sullivan would like to see him. The witness further testified that he thought the note contained the date May 9; that he saw the note; that he took it to Hand's place of business in Brookline, and, not finding him in, the witness inquired his address at the post office, and learning that his letters came there addressed to Mr. James B. Hand, Brookline, Mass., and that he either had a box, or had some one call each morning, the witness deposited the letter, postage prepaid, in the post office; that on the following morning the defendant called at Mr. Sullivan's office, carrying an envelope having Mr. Sullivan's address in the corner, and stated that it was a note he had received from Mr. Sullivan that morning, but that he could not tell on what day he delivered the note.

discovered or remedied owing to the negligence of the defendant, and upon the common law count charging the defendant with neglect to furnish safe and proper appliances. If we assume that the jury properly could have found that the notice was duly received and was sufficient, the fundamental contention under both these counts is that the ladder was unsound and unsafe, and that this defect in the ladder ought to have been discovered by the defendant and remedied, or the ladder withdrawn from use. The only evidence of a defect in the ladder is the fact that it broke, and the testimony of witnesses that a sound ladder would not have broken under the circumstances. There does not appear to have been any examination of the ladder after it broke, and there is no evidence whether it was made of suitable materials, or was sufficient in size, or whether the side pieces where it broke were rotten or cross-grained, or had knots in them, or what specifically the defect was.

On the whole case it seems to us that there was not sufficient evidence of negligence on the part of the defendant to be submitted to the jury under either count. The defendant furnished a supply of ladders; there is no evidence that any was unsuitable, unless we except the one that broke; the plaintiff and his fellow workmen selected, spliced, and placed the ladders according to their own judgment, and there was no apparent defect in the ladder that broke. It is unnecessary to determine whether a ladder sometimes may not be a part of the ways, works, or machinery, within the meaning of St. 1887, c. 270, and its amendments. The splicing of the ladders and the placing of them in position were done by the plaintiff and his fellow workmen, and the connection was a temporary appliance, put together by the workmen out of materials selected by them from the ladders furnished by the defendant. We think that the ladders so fastened together did not constitute a part of the ways, works, or machinery of the defendant, within the meaning of the statute. As the selection of the particular ladders, the method of fastening them together and of placing them against the house, was the work of the plaintiff and his fellow workmen, if they or any of them were negligent in any of these things the defendant is not liable for that at common law. The case resembles the common one, where, so far as appears, the defendant furnished a

supply of suitable materials, and the workmen put them together and used them, and one of the parts broke. See *Burns* v. *Washburn*, 160 Mass. 457 ; *Adasken* v. *Gilbert*, 165 Mass. 443 ; *Reynolds* v. *Barnard, ante*, 226.

From the description of the ladder which broke it is difficult to see from the evidence that the defendant was negligent in keeping it among his lot of ladders and in permitting it to be used, and if the sole negligence was that the ladders were fastened together and improperly placed against the house, that was the fault of the plaintiff and his fellow workman, and it was known to and appreciated by the plaintiff at the time. A ladder may be a sound light ladder of sufficient strength to be used by itself, but not suitable to be made the butt of two ladders fastened together.        *Exceptions overruled.*