### HENRY A. ARNOLD *vs.* EASTMAN FREIGHT CAR HEATER COMPANY.

Suffolk.   March 15, 1900. — May 17, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Evidence — Expert — Negligence — Assumption of Risk.*

If the difficulty with a question put to an expert is that the ability of the witness and his own opinion of it are immaterial to the questions upon trial, the question is rightly excluded.

An employee, having accepted the responsibility of arranging and moving a staging from which he falls and is injured, cannot be heard to say that it was negligence in the defendant to clothe him with the responsibility.

TORT, for personal injuries received through a fall from a painter's staging while engaged in painting the defendant's factory. Trial in the Superior Court, before *Gaskill*, J., who allowed a bill of exceptions in substance as follows. The defendant was a manufacturer of apparatus for heating freight cars, and the plaintiff had been employed as a mechanic since 1884 about its

factory. He had also repaired freight cars on the road. He had painted freight cars at various times, but had never painted a building before. The plaintiff was told by the defendant's foreman to get a stage from a painter, and he did so. The stage consisted of two spreaders adapted to be hung by ropes from the roof of a building, with a ladder stretched between them and covered with boards. Each spreader was in the shape of a triangle, with the rope attached to its upper end, and at the lower end a wheel which rested against the building and allowed the spreader to be raised and lowered easily. The ropes which supported the spreader were provided with hooks to fasten them to the roof. The factory had a flat roof which was covered with tar and gravel. A board, called a coping, ran around the edge of the roof to prevent the gravel being washed off. The coping projected slightly above the roof all the way around. In order that the hooks should not tear the roof they were each placed in a hole in a small board which was then rested on the coping.

The plaintiff had entire charge of hanging the staging on the roof, and had moved the staging seven times before the accident. He had been alone on the roof each time, and had put the boards and the hooks where he pleased. He had put the boards on the coping each time, but never examined the coping. The last time that the plaintiff hung the staging it fell as soon as he got on to it. The fall was occasioned by the coping giving way. The coping at the place where the stage was last hung consisted of a short, narrow piece of board held on by four small nails which were old and rusty. The plaintiff could have discovered this fact if he had examined the coping, or had hit it with a hammer; but he did not do so.

An expert having testified that in his opinion the coping board two inches wide and fastened to the building by four small nails only was an unsafe support for the staging carrying three men, was then asked whether, if he had been requested as an expert to examine the board and its attachment to the building he could have discovered its condition. The question was excluded and the plaintiff excepted.

At the conclusion of the evidence for the plaintiff the judge directed a verdict for the defendant; and the plaintiff alleged exceptions.

*W. C. Wait,* for the plaintiff.

*J. Lowell & J. A. Lowell,* for the defendant.

BARKER, J.   1. An expert having testified that in his opinion the coping board two inches wide and fastened to the building by four small nails only was an unsafe support for the staging carrying three men, was then asked whether, if he had been requested as an expert to examine the board and its attachment to the building he could have discovered its condition.   The question was excluded, and the plaintiff excepted.   Assuming, as the plaintiff assumes in his brief, that the answer would have been in the affirmative, the difficulty with the question is that the ability of the witness, and his own opinion of it, were immaterial to the questions upon trial.

2. The verdict for the defendant was ordered rightly.   He could properly leave to workmen the matter of the staging which they were to use.   See *Adasken* v. *Gilbert,* 165 Mass. 443 ; *McKay* v. *Hand,* 168 Mass. 270 ; *Brady* v. *Norcross,* 172 Mass. 331. The plaintiff was a mature workman.   Having accepted the responsibility of arranging and moving the staging, he cannot be heard to say that it was negligence in the defendant to clothe him with the responsibility.   He was given no directions and asked for none, but did the work to suit himself.   He chose to have the strain of the staging come against the coping boards, and he himself arranged and placed the apparatus.   He went upon the roof, and he had full opportunity to examine the coping boards before adopting that method of holding up the staging, and also before causing it to be moved from place to place.   It was obvious that if a board should give way the staging would fall. Without saying that, as matter of law, he was himself negligent, upon the evidence he assumed the risk of any danger due to the manner in which he caused the staging to be supported.

*Exceptions overruled.*