JACOB JACOBSON *vs.* MILTON M. FAVOR.

Worcester.     October 3, 1906. — October 16, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Negligence,* Employer's liability.     *Evidence,* Inference of fact.

In an action by a painter against a contractor employing him, for personal injuries from a fall caused by the breaking of a ladder used as a staging, it is not evidence of negligence on the part of the defendant, that the defendant's superintendent in charge of the work left the plaintiff and two of his fellow workmen, of an average weight of one hundred and sixty pounds each, to paint a house

using as a staging an extension ladder, which was safe for such use when not extended, without telling the plaintiff, who was a painter of twenty years' experience and was conversant with the use of extension ladders as stagings, that it would be dangerous to extend the ladder so as to make it six feet longer if all three of the men were to use it as a staging at the same time.

In an action by a painter against a contractor employing him, for personal injuries from a fall caused by the breaking of an extension ladder used as a staging, where it appeared that the accident would not have happened if the ladder had not been extended when used as a staging by three heavy men at the same time, the plaintiff had testified " We had used this ladder painting on other jobs in this same way," and his counsel argued that from this statement the jury could have inferred that the same three men had used the ladder extended and that this was known by the defendant. *Held*, that from the statement as an isolated piece of evidence the jury would not be warranted in drawing those inferences; and moreover an examination of the evidence showed that the statement referred merely to the use of the ladder as a staging and not to its use as such a staging by three heavy men when it had been drawn out.

TORT by a painter against a contractor and builder erecting a house on Logan Street in the town of Gardner for personal injuries received on August 13, 1903, from a fall caused by the breaking of a ladder used as a staging, with a count under the employer's liability act alleging negligence on the part of one Jeremiah O'Brien as superintendent of the defendant, and with other counts at common law alleging negligence of the defendant in furnishing an improper and defective staging, and in failing to maintain the ladder used as a staging in a safe and proper condition. Writ dated November 4, 1903.

At the trial in the Superior Court before *Pierce*, J. it appeared that on the day of the accident the plaintiff with two other workmen was employed under the direction of O'Brien in painting a barn and house, that O'Brien helped the three men to rig the staging on the barn, which consisted of the extension ladder doubled up suspended from the roof by two ropes. On the ladder was a long board on which to place the pots of paint. Having rigged the staging, O'Brien told the three men to paint the barn which was about twenty-four feet wide, and went away. The plaintiff painted in the middle and the other two painters at either end. Having painted the barn with one drop of the ladder the men, without the assistance of O'Brien, proceeded to rig the ladder in the same way on one end of the house, also about twenty-four feet wide. O'Brien came by and examined the hooks to see that they were properly fastened to the roof

and proceeded to another job.  Having finished this end of the house with one drop of the doubled up ladder, the three men proceeded to move the staging to the back of the house, which was wider, being twenty-eight feet wide.  They decided to paint the back with one drop, and in order to do this extended the ladder by pulling it out.  O'Brien was not there at the time. The plaintiff was painting in the middle, and according to his testimony the other two men " were right near the ropes." Suddenly the ladder gave way and the plaintiff fell and was injured.

A part of the plaintiff's testimony was as follows : " There were three men on the ladder when we painted the barn, and also when we painted the house.  We had painted the four sides of the barn and had painted one end of the house and were painting the back of the house when the ladder broke.  There were three men on the ladder.  I worked in the middle and a man on either side.  The ladder was rigged in the same way when it broke as it was when we were painting before on the house and barn, except that the side of the house where we were painting when the ladder broke was wider, and the ladder had to be pulled out more.  When we began to paint the house, O'Brien was there and helped to tie the ropes, and he said when we finished painting that end, we could move onto the side of the house and paint, but O'Brien was not there when the ladder was put on the side where it broke, and took no part in putting up the staging at the place where it fell, because he had gone away, as soon as we began to paint the end of the house.  We had used this ladder painting on other jobs in this same way. When the ladder is pulled way out, it is thirty-four feet long, and when it is not it is twenty feet long.  It was stretched out to a length of twenty-six feet so that the ends of the ladder overlapped each other, when we were painting on the side of the house when it broke.  The ropes were attached to the ladder about three or four feet from either end."

Other material facts, including the previous experience of the plaintiff and the weight of the three painters on the ladder, are stated in the opinion.

At the close of the evidence the defendant asked the judge to rule that upon all the evidence in the case the plaintiff was not

entitled to recover, and that the verdict must be for the defendant. The judge refused to rule as requested, and submitted the case to the jury. The jury returned a verdict for the plaintiff in the sum of $3,000; and the defendant alleged exceptions.

*C. C. Milton,* for the defendant.

*C. H. Blood,* for the plaintiff.

LORING, J. We do not find it necessary to consider whether one of the defences set up by the defendant is made out as matter of law, namely, that a stronger ladder or ladders were furnished by him and were accessible for use by the plaintiff, for we are of opinion that if the ladder in question had been the only ladder furnished there is no evidence that the defendant was negligent.

It is not pretended that the ladder made an insecure staging when used as it was used while O'Brien was present, that is to say, without its being extended at all. We say while O'Brien was present for we assume that he might have been found to be a superintendent so far as liability on that ground under the statute goes, and to be the person to whom the defendant left the matter of stagings so far as liability at common law and under the statute as to safe appliances and safe ways, works and machinery are concerned.

What caused the accident here complained of was drawing the ladder out to a length of twenty-six feet at least, and putting on it three painters, whose aggregate weight was assumed to have been four hundred and ninety pounds, in order to paint the side of the house in one "drop" in place of keeping the ladder doubled up, as it was when O'Brien was present, and painting the side of the house in two "drops."

The plaintiff, to use his own words, was a painter of twenty years' experience, who had painted on stages all that time, had constantly used stages of all kinds on the outside of buildings, and had used extension ladders "lots of times." The ladder was of spruce, with side pieces approximately two by three inches.

The case therefore comes to this: Was it negligence on the defendant's part to leave the plaintiff and his fellow workmen to paint the house with this ladder as a staging, without telling them not to extend the ladder if all three of them, with an

average weight of over one hundred and sixty pounds each were to use it as a staging? That it would be dangerous to do so is in our opinion a fact within the knowledge of a painter of twenty years' experience, who was conversant with the use of extension ladders as stagings.

The case belongs to the same class as *Arnold* v. *Eastman Freight Car Heater Co.* 176 Mass. 135. See also *Adasken* v. *Gilbert*, 165 Mass. 443; *McKay* v. *Hand*, 168 Mass. 270.

The plaintiff has asked us to hold that he had a right to go to the jury because in the course of his testimony he said "We had used this ladder painting on other jobs in this same way." His argument is that from this isolated statement the jury could have inferred that the same three men had used the ladder extended and that this was known by the defendant. We are of opinion that taken as an isolated piece of testimony the jury would not be warranted in drawing those inferences. Moreover, as the evidence went in, this statement is shown by the testimony preceding and following it to refer to the use of the ladder as a staging, not to its use as a staging when drawn out, with three men upon it weighing on an average one hundred and sixty pounds apiece. If the plaintiff intended to go to the jury on this theory he should have developed it more in evidence than he did by eliciting this statement in the connection in which it was given.

*Exceptions sustained.*