## MOSIER v. WEIL–HASKELL CO.

(Supreme Court, Appellate Division, Third Department. March 9, 1910.)

1. MASTER AND SERVANT (§ 286*)—INJURIES TO SERVANT—QUESTIONS FOR JURY.

Where plaintiff, operating a buzz saw, was injured owing to the breaking of a rope, whereby the saw fell into such a position that he came in contact with it, and it appeared that the rope had not been renewed for a considerable time, the question of defendant's negligence was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1010–1050; Dec. Dig. § 286.*]

2. MASTER AND SERVANT (§§ 288, 289*)—INJURIES TO SERVANT—QUESTIONS FOR JURY.

The questions whether plaintiff was guilty of contributory negligence in carelessly manipulating the saw and whether he should have known of the condition of the rope, and assumed the risk were for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1132; Dec. Dig. §§ 288, 289.*]

3. MASTER AND SERVANT (§ 252*)—ACTIONS FOR INJURIES—NOTICE OF INJURY.

Where a servant, engaged in operating a buzz saw, was injured by the breaking of a rope, whereby the saw fell into such a position that he came in contact with it, an objection to the notice of injury on the ground that the action was under the employer's liability act was immaterial on the question of the master's negligence, since both under the act and at common law it is the duty of the master to provide reasonably safe machinery and keep the same in reasonable repair.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*]

Appeal from Trial Term, Warren County.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Charles H. Mosier against the Weil-Haskell Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Edgar T. Brackett, for appellant.

Joseph A. Kellogg, for respondent.

HOUGHTON, J.    The plaintiff was in the employ of the defendant, and a part of his duties for some time had been and was to operate a swing cut-off buzz saw. The saw was swung from a shaft above a table, across which was a groove through which the saw ran. To hold the saw to the back side of the table when not in use, a rope with weights was attached to the saw frame running over a grooved wheel. When a board was to be sawed, it was laid on the table and held in place with the right hand, and the saw by its frame was pulled forward with the left, and when released the weights attached to the rope drew it back. On the day of the accident the plaintiff was engaged in sawing box boards, and when he had drawn the saw through the boards he released it, and took the piece which he had sawed, and put it in what is termed the nailing box. In order to do so he had to turn from the saw, and as he turned back, for the purpose of cutting more boards, the revolving saw was swinging toward the front of the table and struck his right hand, cutting it severely. The rope had broken, thus permitting the saw in its frame to swing like a pendulum over the table. The broken strands of the rope were of different lengths, thus showing that they had pulled apart, and had not been cut. There was testimony showing that the rope had not been renewed for a considerable time, at least. In operating the saw the power was not turned off between cuttings, and manifestly, it was impractical so to do.

The learned trial court at the close of the plaintiff's proof dismissed the complaint. We are of the opinion this was improper. It was the duty of the defendant to attach and keep attached a reasonably safe rope to pull back the saw and to hold it at the rear of the table. If the rope was old and worn and likely to break, a proper inspection on the part of the defendant would have discovered that fact. Manifestly the revolving saw swinging on the table would be a dangerous thing, especially as the plaintiff in the discharge of his duty was compelled, in order to dispose of the lumber which he had sawed, to turn his back to the table for that purpose. Of course, if the plaintiff brought the injury upon himself by his own careless manipulation of the saw, and broke the rope by letting go of it with a jerk, the defendant would not be responsible; but that question was one for the jury. So, too, was the question whether or not the plaintiff should have discovered the weakness of the rope, if it was weak, and whether he took the risk of operating it without repair, and whether, when he turned around toward the saw again, he was reasonably careful in so doing.

A notice was served, which the defendant challenges for sufficiency; the action in form being under the employer's liability act (Consol.

Laws, c. 31). With respect to the questions now involved it makes no difference whether the action be at common law or under the act; for under both it is the duty of the employer to provide reasonably safe machinery and keep the same in reasonable repair. We think, under the proof, that both the question of the defendant's negligence and contributory negligence on the part of the plaintiff were questions of fact for the jury, and that the dismissal of the complaint was erroneous.

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.