RUDOLPH HEISER, Appellant, *v.* THE CINCINNATI ABATTOIR COMPANY, Respondent.

Master and servant — injury to servant resulting from fall of temporary skid or platform used in unloading cars — such structure not a "way" within meaning of Employers' Liability Act.

1. Plaintiff was injured while guiding a loaded truck of provi sions from a freight car to the platform of a warehouse over a skid which was constructed of two platforms resting upon a wooden horse which stood in the middle of the street between the cars and warehouse; his fellow-workman pushing the truck caused one of the platforms to push the other one down and plaintiff fell to the pavement beneath and was injured. *Held,* that since the skid was a temporary structure which had to be put together whenever used and was moved from place to place, as the business required, it was not a "way" within the meaning of the Employers' Liability Act.

2. Upon the testimony, which indicates that defendant was aware that the skid used was unsuitable for the work which was being carried on when plaintiff was injured, there was, however, a question for the jury as to the sufficiency and suitableness of the skid considered as an appliance. If the accident was due to such unsuitability, the fact that defendant's fellow-servants contributed to the injury would not relieve defendant from liability.

*Heiser* v. *Cincinnati Abattoir Co.,* 144 App. Div. 932, reversed.

(Submitted April 9, 1912; decided May 7, 1912.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 5, 1911, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry G. H. Heath* for appellant. The skids and horse as used constituted a " way " within the provisions of the Labor Law. (Cons. Laws, ch. 31, § 200; *Nappa v. Erie R. R. Co.*, 195 N. Y. 176; *Trentacoste v. Cronin*, 132 App. Div. 907; *Knezevich v. Bush Term. Co.*, 137 App. Div. 54; *Le Compagnie G. T. v. McGuire*, 168 Fed. Rep. 34; *McGriffin v. P. S. & I. Co.*, L. R. [10 Q. B. D.] 5.) The questions of fact should have been submitted to the jury. (*Kimmer v. Weber*, 151 N. Y. 417; *Madden v. Hughes*, 185 N. Y. 466; *McGovern v. C. V. R. R. Co.*, 123 N. Y. 228; *Chiavaroli v. U. B. & P. Co.*, 131 App. Div. 372; *Kirby v. Montgomery Bros. & Co.*, 197 N. Y. 31; *Maue v. Erie R. R. Co.*, 198 N. Y. 221; *Hudson v. Ocean S. S. Co.*, 110 N. Y. 625; *Coppins v. N. Y. C. & H. R. R. R. Co.*, 122 N. Y. 557; *Pepe v. U. P. F. Co.*, 132 App. Div. 458.)

*Frank Verner Johnson* and *Amos H. Stephens* for respondent. This temporary runway, put in place by the workmen themselves, and shifted about from car to car as the work required, was not a " way " within the meaning of the Employers' Liability Act. (*Nappa v. E. R. R. Co.*, 195 N. Y. 176; *Hudson v. Ocean S. S. Co.*, 110 N. Y. 625; *McCampbell v. Cunard S. S. Co.*, 144 N. Y. 552; *Willetts v. Watt & Co.*, L. R. [2 Q. B. D. 1892] 92; *Trentacosti v. Cronin*, 132 App. Div. 907). There being no evidence in the case that the skids in question during the whole period when they were being used by the defendant's employees had proven in any way unsafe or inadequate for the purpose intended, no negligence on the defendant's part can be predicated upon their continued use. (*Marsh v. Chickering*, 101 N. Y. 396; *Maue v. E. R. R. Co.*, 198 N. Y. 221; *Dougan v. C. Trans. Co.*, 56 N. Y. 1; *Loftus v. U. Ferry Co.*, 84 N. Y. 455; *Laffin v.*

*B., etc., R. R. Co.*, 106 N. Y. 136, 141; *Burns* v. *O. S. I. & M. Co.*, 188 N. Y. 175, 184; *Stringham* v. *Hilton*, 111 N. Y. 188; *Harley* v. *B. C. Mfg. Co.*, 142 N. Y. 31; *Burke* v. *Witherbee*, 98 N. Y. 567; *Paul* v. *C. F. Co.*, 133 App. Div. 310.)

WILLARD BARTLETT, J. This is an action for negligence in which the plaintiff was nonsuited. The judgment upon the nonsuit has been unanimously affirmed by the Appellate Division of the first department, which itself permitted the present appeal.

The plaintiff was what is known as a beef lugger, and was employed by the defendant to unload beef and provisions into its warehouse from freight cars on the opposite side of the street. The beef and provisions were transported from the door of the freight car to the platform of the warehouse over a skid which was constructed of two platforms resting upon a wooden horse which stood in the middle of the street between the cars and the warehouse. These platforms rested loosely upon the horse without being fastened thereto in any way. While the plaintiff was guiding a loaded truck of provisions over the skid his fellow-workman pushing the truck caused one of the platforms to push the other one down and the plaintiff fell to the pavement beneath and was injured.

Upon a previous trial the plaintiff had a verdict, but the judgment thereon was reversed by the Appellate Division (141 App. Div. 400) on the ground that the skids did not constitute a "way" within the meaning of the Employers' Liability Act. In the opinion of the Appellate Division, which was written by CLARKE, J., it was also stated that the appliances were simple in construction, without any hidden defects, that they had been used for many years without accident, were similar to those used by others engaged in the same business and were reasonably safe and proper.

Within our decision in the case of *Nappa* v. *Erie R. R.*

*Co.* (195 N. Y. 176) I think that the skids did not constitute a way within the meaning of the Employers' Liability Act. It is true there is a difference between the appliances in the *Nappa* case and the appliances here in the fact that the workmen passed and repassed over this skid, whereas the running board in the *Nappa* case was merely used for rolling barrels over. Nevertheless this skid was a temporary structure which had to be put together whenever used and was moved from place to place as the business required. It was no more a way than a movable ladder. Much depends upon the fixity of a structure in determining whether it is a way or not; thus a ladder which is merely an appliance when loose and movable would undoubtedly constitute a way if permanently fastened to the side of a building and used by the employees to go up and down.

Independently, however, of any question under the Employers' Liability Act I think that there was a question for the jury here as to the sufficiency and suitableness of the skids considered as appliances. The defendant had been accustomed to borrow different skids of another concern, the Manhattan Refrigerator Company, with which to unload heavy goods. The plaintiff had called the attention of the superintendent to the fact that its skids were unsuitable for unloading provisions and that if they undertook to do any "rushing" they were liable to have an accident; to which the superintendent replied, " They have got to do till we get new skids." Upon the trial now under review the plaintiff was not allowed to prove the character or construction of the Manhattan Refrigerator Company's skids previously used by the defendant. This was because the Appellate Division held on the previous appeal that such testimony which had been taken on the first trial had been erroneously admitted. That testimony proved that the skid of the Manhattan Refrigerator Company was fastened by hooks (presumably to the horse) and was, therefore, much safer.

The Appellate Division, however, thought that this proof should not have been received because there was no evidence that the kind of skid used by the Manhattan Refrigerator Company was in general use. It seems to me on the contrary that in view of the fact which I have stated that the defendant had previously borrowed the skids of the Manhattan Refrigerator Company whenever they needed them for the purpose of unloading provisions, it would have been proper to show what was the difference in construction which led the defendant to prefer them.

If the accident was due to the unsuitable character of the skids considered as appliances the fact that the negligence of the plaintiff's fellow-servants contributed to his injury would not relieve the defendant from liability. I think the jury would have been warranted in finding that the skids were unsafe for use in unloading provisions and that the defendant was chargeable with knowledge of that fact. There is an important distinction here which should not be overlooked in regard to the suitableness of the skids for use in unloading provisions and their suitableness for use in unloading beef. The evidence indicates that while the defendant's skids employed at the time of the accident were safe enough for use in unloading beef they were quite unsafe for use in unloading provisions; so much so that the defendant always borrowed the Manhattan skids, when it could, to unload provisions with. These skids, as I have already said, appear to have been fastened to the horse with hooks. Furthermore it is to be noted that when the plaintiff was injured he was unloading provisions and not beef, the beef having already been unloaded from the freight car. This fact emphasizes the testimony of the witness Stone, the manager of the defendant, who was called as a witness by the plaintiff, who stated that the defendant always borrowed the Manhattan Company's skids whenever it could for unloading provisions — not for unloading beef but provisions. " We used them a great deal more than we did our own,"

he said.    This testimony, it seems to me, indicated very strongly that the defendant was aware that its own skids were unsuitable for the work which was being carried on when the plaintiff was injured.

In this view of the case and not because the skids constituted a way under the Employers' Liability Act I think the plaintiff is entitled to a reversal and new trial, costs to abide event.

CULLEN, Ch. J., GRAY, WERNER, HISCOCK, CHASE and COLLIN, JJ., concur.

Judgment reversed, etc.