(93 Misc. Rep. 49)

### BOWERS v. COLUMBIA GARAGE CO.

(Supreme Court, Appellate Term, First Department. December 20, 1915.)

MASTER AND SERVANT ☞286—ACTIONS FOR INJURIES—SUFFICIENCY OF EVIDENCE.

    An employé in defendant's garage, while pushing an automobile around after washing it for the purpose of returning it to the place where it belonged, slipped on some kerosene oil poured on the floor by direction of the foreman so that the rear wheels would skid, and was injured. There was evidence that in other garages a turntable or skids were used, by means of which automobiles could be skidded as desired. *Held*, that evidence of these facts put defendant on its proof, and the dismissal of the complaint was error, as it was defendant's duty to use reasonable care in providing sufficient, safe, and suitable appliances in the prosecution of its work, and if the oil used, because of the absence of appliances like skids or a turntable, created a dangerous condition in the prosecution of the work, defendant was chargeable with negligence.

    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. ☞286.]

Appeal from City Court of New York, Trial Term.

Action by George Bowers against the Columbia Garage Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Jeremiah A. O'Leary, of New York City (James R. Speers and H. Stevenson Whalen, both of New York City, of counsel), for appellant.

Phillips, Mahoney & Wagner, of New York City (Jeremiah T. Mahoney and Warren C. Fielding, both of New York City, of counsel), for respondent.

GUY, J.   The action is to recover damages for personal injuries. Plaintiff, employed on April 3, 1913, as a washer in defendant's garage, testified that on that date he with other workmen of the defendant washed a large automobile on one of the washstands in that place; that after the machine was washed it became necessary to skid the car around on the washstand, so as to get it back into the space where it belonged; that the workmen were unable to make the car skid, and that the superintendent or foreman instructed one of the men to put some kerosene oil under the rear wheels, so as to make it skid; that in pursuance of said direction about a pint of kerosene oil was then put under the rear wheels, and that plaintiff, standing with his back against one of the rear wheels and his hands on the spokes, tried with the other workmen to push the car over; that the foreman said, "Stick to it; don't stop;" and then, as the car moved, the plaintiff's foot went from underneath him on the oily surface, and his back or shoulder struck the hub of the automobile, and he thus sustained the injuries complained of.

The plaintiff further testified that in other garages where he had worked there was either a turntable or skids used to turn the cars around; that there were no skids in the defendant's garage, and no turntable there; that a "skid," referred to in his testimony, is a small platform about two feet long and six inches wide, with four revolving wheels underneath; and that when an automobile is backed on two of these skids it can be skidded as desired. The plaintiff's testimony was corroborated by that given by two other witnesses. At the close of the plaintiff's case the learned trial justice dismissed the complaint, on the ground that the plaintiff had failed to prove a cause of action. This ruling was erroneous.

It was the duty of the defendant to use reasonable care in providing its workmen for use in its work sufficient, safe, and suitable appliances in the prosecution thereof; and on the record as it stood at the close of the plaintiff's case the question arose whether, in view of the evidence that there were no skids or turntable in the garage, the defendant had performed that duty. It is inferable from the testimony that, if skids or a turntable were provided at the garage, the defendant's superintendent would not have ordered kerosene oil to be thrown under the wheels of the automobile, and if the oil used by the superintendent, because of the absence of appliances like skids or a turntable, created a dangerous condition in the prosecution of the work, the defendant would be chargeable with negligence. Benzing v. Steinway, 101 N. Y. 547, 5 N. E. 449; Mosier v. Weil-Haskell Co., 137 App. Div. 547, 121 N. Y. Supp. 946; Heiser v. Cincinnati Abattoir Co., 205 N. Y. 379, 98 N. E. 747. The evidence was sufficient to put the defendant on its proof. The exclusion of the notice of the intent to sue under the statute was also erroneous.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.